Mathews, J.
delivered the opinion of the court. The plaintiffs and appellants claim certain property, in the possession of the defendants and appellees, as the inheritance of D. White, deceased, whose legitimate descendants and forced heirs they state themselves to be.
They are opposed on several grounds.
1. The legitimacy of the plaintiffs is denied.
2. The will of D. White is set up by which Sylvia Turnbull, Holsten’s wife, is instituted sole heiress.
3. The property is claimed, under a title independent from D. White’s will, as belonging to the said Sylvia.
In the course of the trial below, sundry exceptions were taken, on both sides, to opinions delivered on points of law.
I. The first was on the admission of parol evidence of the filiation of the plaintiffs. As their legitimacy depends on establishing the marriage of their mother with D. White, who is admitted to be their father, which is said to have taken place in North Carolina, we think that the distinct court was correct in permitting the plain *472 tiffs to prove by parol evidence the fact of marriage, or such circumstances from the existence of which, it is legally presumed, according to the laws of North Carolina.
II. A second exception was taken by the defendants to the opinion of the district court in overruling a motion to dismiss the suit, on the ground, that admitting them to be legitimate children of D. White, they are not, his only heirs, and consequently have no right to demand the whole inheritance. The principal object of the plaintiffs, the suit, being to annul the will of the deceased, and to be allowed to partake of the succession, by establishing themselves his legitimate descendants, and such heirs of his as cannot agreeably to our laws be deprived of his inheritance, we are of opinion that the district court did not err in overruling the motion.
III. The exception taken by the plaintiffs’ counsel to the opinion of the district court, in admitting the deposition of Mrs. Turnbull is certainly not well founded, on the ground taken, viz. that she purchased some of the slaves included in the inventory of D. White’s estate: for if her testimony went to establish a title to them in any other person than the deceased or herself, it would be testifying against her own interest; a circum *473 stance, which can never be opposed to the competency or credibility of a witness. But that part of her deposition, which has a tendency to prove a title in her deceased husband to any part of the property in dispute, is inadmissible, because she may he presumed to be entitled to one half of it, as belonging to the community of matrimonial acquets: she is therefore so far interested and consequently an incompetent witness.
The last exception is taken by the plaintiffs, to the admission of parol evidence of any other title to the property in dispute, in the appellees, except that which they derive from the will of White: 1. Because they have not alleged in their answer. 2. Because they have accepted his estate, agreeably to an inventory made by order of a competent tribunal.
The answer contains a general denial of all the allegations in the petition. It asserts the validity of White’s will, and the defendants state “they are justly and legally entitled to “the ownership and disposition of all the pro“perty whereof he died possessed.” If the will be considered as good and valid in toto, then the defendant Sylvia is entitled to all the property of the testator, being instituted his sole heiress, and the latter clause in the answer be *474 comes wholly useless in the defence. It ought therefore to be taken as a claim of title, distinct from that derived under the will. But, if it did appear clearly that Mrs. Holsten has accepted the property, as an inheritance from D. White, we are of opinion that she ought to be estopped from pleading or proving any title in herself, distinct or independent from his testament. This however, is not found to be her situation; the property was placed in the hands of her husband, on giving security to answer for it, according to what might be decided by the tribunal of the Spanish government, then exercising jurisdiction on that part of the state.
In this case, as in all others, the persons claiming the estate are bound to make good their title against the legal possessor, and in opposition, the latter has a right to set up and prove, by legal means, any title which may defeat the claim of the plaintiff. But, it is the opinion of this court, that no parol evidence ought to have been admitted to destroy the title of the testator to immoveable property and slaves, and altho’ it may have been properly received, as it respects the mere personal property, yet, it appears to us so vague, undefined, and uncertain, as to weigh nothing against the continued pos *475 session and exercise of ownership by White, during his life, even to the solemn act of attempting to dispose of all his property by will.
Let us now examine the only remaining questions: the legitimacy of the plaintiffs and appellants, and the validity of the will.
On the question of legitimacy, which is one of fact, there is some contrariety of evidence, yet we think that the balance is clearly in favor of the plaintiffs and appellants.
The will it appears was made and published with all the formalities required by law, and quo ad its form is good and valid. But, according to the laws of the place, where the testator died, having legitimate descendants, he could not dispose by testament of more than one fifth part of his property to their prejudice. Here, it may be remarked that the same rules in relation to heirship prevail in this state. So far then as the will under consideration pretends to dispose of more than one fifth of the estate of the testator, it is illegal and invalid. It therefore ought to be and is hereby declared null, and void, as to every disposition contained in relation to the legitime or four fifths of the testator’s estate, of *476 which he could not legally deprive his legitimate descendants and forced heirs: agreeably to these premises, the succession of D. White must be distributed in such a manner, as to give his legitimate descendants four fifths, and one fifth to the appellant Sylvia Holsten, being the disposable portion of the ancestor, which, she rightfully holds under his will.
Livingston for the plaintiffs, Robinson for the defendants.
It is ordered, adjudged and decreed, that the judgment of the district court, be reversed and annulled, and it is further ordered, adjudged and decreed, that the defendants and appellees do account with, deliver and pay over to the appellants, Joseph White and Wm. White, their proportion of four fifths of the estate, both immoveable and moveable, of David White, their ancestor, as his forced heirs.